UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CADENCE EQUIPMENT FINANCE,**
a division of **CADENCE BANK,**

      **Plaintiff,**

v.                                               Case No: 6:24-cv-1978-CEM-DCI

**VICTORIA EDWARD SPA &**
**WELLNESS CENTER, LLC, and**
**SHARIFA BRASSFIELD,**

      **Defendants.**

---

## ORDER

This cause comes before the Court for consideration on Plaintiff's Motion for Entry of Default Judgment. Doc. 25 (the Motion). As will be explained, the Motion is due to be **DENIED without prejudice** because Plaintiff has failed to establish the Court's jurisdiction over the parties and claims.

On October 31, 2024, Cadence Equipment Finance, a division of Cadence Bank (Plaintiff) filed a Complaint raising two counts against Victoria Edward Spa & Wellness Center, LLC (VE LLC) and Sharifa Brassfield (Brassfield, collectively with VE LLC, Defendants). Doc. 1 (the Complaint). In Count I, Plaintiff alleges that VE LLC "defaulted under the terms of [a certain Equipment Finance Agreement] by failing to pay the payment due on October 6, 2023, and thereafter." Doc. 1 at 2. Due to the alleged default, Plaintiff seeks to hold Defendants jointly and severally liable for "$101,410.14 as of June 14, 2024, plus interest, late charges, and attorneys' fees and costs, to accrue thereafter." *Id.* at 3. In Count II, Plaintiff alleges that Brassfield breached

the terms of a separate agreement to guaranty the obligations of VE LLC under the Equipment Finance Agreement. *Id.* at 3-4. Due to Brassfield's alleged breach of the guaranty, Plaintiff seeks to recover "$101,410.14 as of June 14, 2024, plus interest, late charges, and attorneys' fees and costs." *Id.* at 4. The Complaint makes no specific allegations as to jurisdiction or venue. *See generally*, Doc. 1.

In December 2024, VE LLC filed a suggestion of Bankruptcy (Doc. 15), and the Court administratively closed the case pending resolution of the bankruptcy proceedings. Doc. 16. On March 4, 2025, Plaintiff moved to reopen the case and filed a return of service executed as to both Defendants. Doc. 18. The return of service reflects that the Defendants were served with process on November 25, 2024. *Id.* The Court re-opened the case (Doc. 20), and Defendants failed to timely respond to the Complaint. Plaintiff subsequently filed a Motion for Clerk's Entry of Default as to Brassfield. Doc. 22. The Court granted the motion and directed the Clerk to enter default against Brassfield. Doc. 23. Now, Plaintiff has filed the instant Motion for entry of default judgment as to Brassfield. Doc. 25.

Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Sec. and Exch. Comm'n v. Martin*, 2019 WL 1649948, at *2 (M.D. Fla. Apr. 1, 2019), *report and recommendation adopted*, 2019 WL 1643203 (M.D. Fla. Apr. 16, 2019); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.") (quotation omitted).

2

Here, Plaintiff has made no allegations—in the Complaint or the Motion—regarding the Court's jurisdiction over the claims or the parties. *See generally* Docs. 1, 25. Accordingly, the Court does not reach the merits of the Motion because Plaintiff has not sufficiently alleged the threshold matter of jurisdiction. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) ("Indeed, it is well-settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Further, this Court is a court of limited jurisdiction, and as such, "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999); *see also Hernandez v. U.S. Atty. Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008) (per curiam) ("As a preliminary matter, we must inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

A corporation is a citizen of both the state in which it is incorporated and the state in which the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). However, an unincorporated business entity, such as a limited liability company, is a citizen of every state in which each of its individual members are citizens. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Accordingly, to properly allege the citizenship of an LLC, a party must identify *all* of the LLC's members and their citizenships, which Plaintiff has not done. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990).

An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam). "Residence alone is not enough" to establish citizenship under 28 U.S.C. § 1332. *Travaglio*, 735 F.3d at 1269 (citation omitted). Nor are allegations based solely "upon information and belief" sufficient to establish subject matter jurisdiction.

In the Complaint, Plaintiff fails to properly allege the citizenship of any party in this case. *See* Doc. 1 at paragraphs 2-4.

Based on the foregoing, it is **ORDERED** that the Motion (Doc. 25) is **DENIED without prejudice**. Any renewed motion for default judgment must be filed on or before November 24, 2025, failing which, this case may be dismissed without further notice for failure to prosecute without further notice.

Further, it is **ORDERED** that, on or before November 14, 2025, Plaintiff shall **show cause** in writing why this case should not be dismissed for a lack of subject matter jurisdiction. A failure to respond to this Order by that date may result in this case being dismissed without further notice.

**ORDERED** in Orlando, Florida on October 31, 2025.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE